# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Arnold Coulson,<br>            Petitioner,<br>v.<br>David Shinn, et al.,<br>           Respondents. | No. CV-21-00340-PHX-DJH<br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Camille D. Bibles (Doc. 13), filed on August 5, 2021. The R&R recommends that the Amended Petition for Habeas Corpus (Doc. 6) filed by Petitioner Douglas Arnold Coulson be denied. (*Id.*) The recommendation is based on the Magistrate Judge's finding that Petitioner's federal habeas petition was untimely filed and he has not established a basis for equitable tolling of the statute of limitations. (Doc. 13 at 25). The R&R also concludes that Petitioner failed to properly exhaust any claim of the violation of a federal constitutional right in the state courts. (*Id.*) The R&R further finds that Petitioner has not demonstrated cause or prejudice arising from his procedural default, and that he cannot demonstrate actual innocence of his crimes. (*Id.*) Finally, the R&R concludes that Petitioner's claim for relief is conclusory and unsupported by citation to a federal constitutional right. (*Id.*)

The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court and

another fourteen days thereafter to file responses. (Doc. 13 at 26). Petitioner filed his Objection on August 18, 2021 (Doc. 14), and Respondents filed their Response on August 31, 2021 (Doc. 15).

## I.   Standard of Review

This Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which" a Petitioner objects. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). Further, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). At the same time, however, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all. . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, *de novo* review of a R&R is only required when an objection is made to the R&R"). Likewise, it is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings[.]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)).

Rule 72(b)(2) requires "*specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(2) (emphasis added). "Although the Ninth Circuit has not yet ruled on the matter, other circuits and district courts within the Ninth Circuit have held when a petitioner raises a general objection to an R & R, rather than specific objections, the Court is relieved of any obligation to review it." *Martin v. Ryan*, 2014 WL 5432133, at *2 (D. Ariz. 2014) (citing *See, e.g., Warling v. Ryan*, 2013 WL 5276367, at *2 (D. Ariz. 2013) ("[A] general objection 'has the same effect as would a failure to object.'")); *Gutierrez v. Flannican*, 2006 WL 2816599 (D. Ariz. 2006) (citing *Goney v.*

*Clark*, 749 F.2d 5, 7 (3d Cir. 1984). *See also United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) (finding that "a party must object to [a] finding or recommendation . . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection" and citing cases standing for same proposition from the Third, Sixth, Seventh, and Tenth Circuits).

**II.     Discussion**

In his Objection, Petitioner asks this Court to reject the recommendations of the Magistrate Judge because his "claim for relief is not barred, precluded, or conclusory." (Doc. 14 at 1). He does not further explain or elaborate on how the Magistrate Judge erred, but instead restates arguments he made in his Petition regarding the unconstitutionality of Arizona statutes. (*Id.*)

The Court finds that it has no independent obligation to engage in a *de novo* review of the R&R because Petitioner's objections lack the requisite specificity. Petitioner does not object to any specific portion of Judge Bibles' analysis at all. At most, Petitioner reiterates an argument he advances in his Petition. Because Petitioner has not articulated what findings were in error and why, the Court lacks any meaningful basis for review. Indeed, Petitioner's failure to identify any flaws in the legal analysis of the R&R has the same effect as a complete failure to object. *See Warling*, 2013 WL 5276367, at *2 (citing *Howard*, 932 F.2d at 509; *Haley v. Stewart*, 2006 WL 1980649, at *2 (D. Ariz. July 6, 2006)) ("Because *de novo* review of an entire R&R would defeat the efficiencies intended by Congress, a general objection "has the same effect as would a failure to object."). If this Court were to undertake *de novo* review of Petitioner's general objections, it would defeat the "obvious purpose" of the specific objection requirement, which "is judicial economy—to permit magistrate judges to hear and resolve matters not objectionable to the parties." *Id.* at *2 (citing *Thomas*, 474 U.S. at 149; *Reyna–Tapia*, 328 F.3d at 1121).

Although the Court could simply accept the R&R based upon this case law, it did not. The Court reviewed the R&R, some of the many various exhibits referenced therein, and the applicable law. The Court is left with the firm conviction that Magistrate Judge

Bibles' recommendations are well taken and are supported by a correct application of the law throughout. Petitioner's Objection (Doc. 14) is therefore overruled.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Magistrate Judge Bibles' Report and Recommendation (Doc. 13) is **ACCEPTED** and **ADOPTED** as the Order of this Court.

**IT IS FURTHER ORDERED** that the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this action.

**IT IS FINALLY ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 8th day of February, 2022.

Honorable Diane J. Humetewa
United States District Judge